FILED

June 2, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 8:03 AM



## COURT OF WORKERS' COMPENSATION CLAIMS
## DIVISION OF WORKERS' COMPENSATION

| | |
|---|---|
| NAKESHA STRUNK,<br>        Employee, | Docket No.:    2015-05-0027 |
| v. | State File No.: 56378-2014 |
| ARAMARK NISSAN SMYRNA<br>        Employer, | Date of Injury: July 16, 2014 |
| And | Judge: Lisa A. Knott |
| SEDGWICK   CLAIMS   MANAGEMENT<br>SERVICES, INC.,<br>        Insurance Carrier. | |

# INTERLOCUTORY ORDER

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed on April 21, 2015, by Nakesha Strunk (Ms. Strunk), pursuant to Tennessee Code Annotated section 50-6-239. The Court convened a review of the file without an evidentiary hearing. Upon review of Ms. Strunk's Request for Expedited Hearing, the evidence presented upon review, the arguments of counsel for the parties, and in consideration of the applicable law, the Court enters the following order holding that Ms. Strunk is not entitled to a second medical opinion.

### Issue

*Whether Ms. Strunk is entitled to a second medical opinion pursuant to Tennessee Code Annotated section 50-6-204(a)(1)(C).*

### Documentation/Evidence Submitted

The Court received the following information from Ms. Strunk:

- Motion for Second Medical Opinion, filed April 21, 2015
- Affidavit of Nakesha Strunk
- Medical Records and Final Medical Report of Dr. Jeffrey Hazelwood (15 pages)
- Medical Records of America's Family Doctors and Walk-In Clinics (8 pages)
- Medical Records of The Imaging Center of Murfreesboro (5 pages)

1

- Medical Records of Mid State Neurosurgery (11 pages)
- Medical records of Stone Crest Medical Center (41 pages)
- Ms. Strunk's Positional Statements, February 6, 2015 and February 20, 2015.

The Court received the following information from Aramark:

- Response to Employee's Motion for Second Opinion, filed April 27, 2015
- First Report of Work Injury, Form C-20, for date of injury – July 16, 2014
- Panels of Physicians, Form C-42, for date of injury – July 16, 2014
- 52 Week Wage Statement, Form C-41, for date of injury – July 16, 2014
- Aramark's Positional Statement, February 19, 2015
- Affidavit of Barbara Acuff.

The Court designated the following as the Technical Record:

- Petition for Benefit Determination, filed February 10, 2015
- Dispute Certification Notice, filed March 4, 2015
- Request for Expedited Hearing, filed April 21, 2015.

**History of Claim**

Ms. Strunk reported to Aramark that on July 16, 2014, she injured her low back while wringing out a mop. Aramark accepted the claim as compensable.

Ms. Strunk initially treated with Stone Crest Emergency Room (ER) where she underwent diagnostic testing, which was normal. Aramark provided a panel of physicians, from which Ms. Strunk chose Dr. Michael Moran. Dr. Moran opined that Ms. Strunk was non-surgical and referred her for physical therapy and epidural steroid injections. She followed up with Dr. Moran reporting that the ESI helped her feel fifty percent (50%) better. In December 2014, Ms. Strunk again followed up with Dr. Moran with complaints of pain and urgent need for care. Dr. Moran cancelled the pending epidural steroid injection and referred her to physiatry.

Aramark provided Ms. Strunk with a physiatry panel and she chose Dr. Robert Clendenin as her authorized treating provider. Ms. Strunk retained counsel at that time and Attorney Thompson requested Dr. Hazlewood be added to the panel. Aramark complied with counsel's request and Ms. Strunk chose Dr. Hazlewood as the authorized treating provider. On January 21, 2015, Aramark received a Final Medical Report from Dr. Hazlewood indicating: full duty release, no obvious explanation for Ms. Strunk's low back pain, recommendation for detox, assignment of zero percent (0%) permanent partial disability rating, and placement at maximum medical improvement (MMI) as of January 21, 2015.

Ms. Strunk, through counsel, submitted the Petition for Benefits Determination seeking a second medical opinion.

2

## Ms. Strunk's Contentions

Ms. Strunk's contentions are taken from the documentation provided to the Court for review. On September 12, 2014, Dr. Moran noted that Ms. Strunk had a herniated L5-S1 disc. On December 8, 2014, Dr. Moran indicated a physiatry consultation would be in order as he felt that a non-surgical approach would be better and suggested a facet block. Dr. Hazlewood saw Ms. Strunk on January 14, 2015, and agreed with Dr. Moran that she has a disc injury, but he also provided multiple differential diagnoses, which included malingering and secondary gain. His conclusion seemed to be that: he should not try and help her; she was not injured at work; and she was at MMI with no permanent medical impairment.

Ms. Strunk is seeking relief in that there is a disparity in the diagnoses provided by Dr. Moran and Dr. Hazlewood. Dr. Moran found that Ms. Strunk had a herniated disc but felt that physiatrist care with a facet injection would be the best approach. While Dr. Hazlewood seemed to agree with the diagnosis, he also thought Ms. Strunk is malingering or seeking secondary gain and never provided a facet injection. Ms. Strunk is seeking an appointment from the panel of "pain specialists" previously provided by Aramark.

Attorney Thompson filed Ms. Strunk's affidavit that addressed Dr. Hazlewood's conduct during the examination. Ms. Strunk stated the following about Dr. Hazlewood:

- He noted I was thirty five (35) years old but I am actually thirty three (33) years old.
- He asked me questions but would not let me answer and would cut me off when I was speaking.
- When I tried to correct him, he ignored me.
- He insisted I wasn't being honest with him.
- I felt like I was under attack.
- He said "people do not get hurt simply by mopping."
- He reported I did not get relief from the epidural shot or physical therapy which was not true.
- He noted I said the Percocet were not working but that is not true.
- He did not show any interest in learning what my tearful eyes and emotions were about.

Attorney Thompson argued that Ms. Strunk is entitled to a second medical opinion pursuant to Tennessee Code Annotated section 50-6-204(a)(1)(C), and that Aramark would not be harmed by allowing Ms. Strunk to have a second opinion.

## Aramark's Contentions

Aramark's contentions are taken form the documentation submitted to the Court for review. On October 2, 2014, Ms. Strunk presented to Stone Crest ER with complaints of narcotic withdrawal. On December 16, 2014, Ms. Strunk returned to Stone Crest ER reporting withdrawal symptoms and alleging to be out of Percocet. Dr. Moran referred Ms. Strunk for a physiatry evaluation. Aramark provided a panel but Ms. Strunk's attorney specifically requested

3

authorization of Dr. Hazlewood. Dr. Hazlewood placed Ms. Strunk at MMI as of January 21, 2014. He noted that there was no obvious explanation for her low back pain, released her to full duty work, and assigned an impairment rating of zero percent (0%).

Attorney Smith argued that pursuant to Tennessee Code Annotated section 50-6-204(j)(3), employees are not entitled to a second opinion on the issue of impairment, diagnosis, or prescribed treatment relating to pain management.

### Findings of Fact and Conclusions of Law

#### *Standard Applied*

"The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially, and in accordance with basic principles of statutory construction favoring neither the employee nor employer." Tenn. Code Ann. 50-6-116 (2014). Tennessee Code Annotated section 50-6-239(c)(6) provides that "[u]nless the statute provides for a different standard of proof, at a hearing, the employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence." Tenn. Code Ann. section 50-6-239(c) (2014). A different standard of proof exists for the issuance of interlocutory orders at expedited hearings than the standard of proof required at compensation hearings. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063 (Tenn. Work. Comp. App. Bd., March 27, 2015). A workers' compensation judge may enter an interlocutory order for medical or temporary benefits upon a determination that the injured employee would likely prevail at a hearing on the merits. Tenn. Code Ann. 50-6-239(d)(1) (2014); *cf. McCall v. Nat'l Health Care Corp.,* 100 S.W.3d 209, 214 (Tenn. 2003).

#### *Factual Findings*

- Ms. Strunk reported a work-related July 16, 2014 injury to Aramark.

- Aramark accepted the claim as compensable and provided an initial panel of physicians from which Ms. Strunk selected Dr. Moran.

- Dr. Moran referred Ms. Strunk to physiatry.

- Aramark provided a panel of physiatrists and at the request of Ms. Strunk's attorney revised the panel to include Dr. Hazlewood.

- Ms. Strunk selected Dr. Hazlewood as the authorized treating physiatrist.

- Dr. Hazlewood placed Ms. Strunk at MMI on January 21, 2015. He did not assign any restrictions or permanent impairment. He did not recommend any additional treatment other than detoxification.

4

*Application of Law to Facts*

Tennessee Code Annotated section 50-6-204(a)(1)(C) (2013) states:

> When the treating physician or chiropractor refers the injured employee, the employee shall be entitled to have a second opinion *on the issue of surgery and diagnosis* from a physician or chiropractor *in the same specialty as the physician who recommended the surgery*...(Emphasis added.)

Tennessee Code Annotated section 50-6-204(j)(3) (2013) states:

> The injured or disabled employee *is not entitled to a second opinion on the issue of impairment, diagnosis or prescribed treatment related to pain management*...(Emphasis added.)

On December 8, 2014, Dr. Moran noted the following:

> This patient has severe degenerative disc disease L5-S1 with left-sided disc osteophyte complex but nothing that would account for her current right leg complaints. I think she would be a candidate for a facet injection. *I don't think we should consider surgery for this point* because her mechanical discogenic back pain is her chief complaint one would have to consider an arthrodesis and at her young age and the fact she has only been symptomatic for four months, I don't think it would be reasonable to pursue that nor is she interested in surgery. *I think her best option would be to work with a physiatrist for continued non-surgical care* and I think she would be a candidate for a facet block. (Emphasis added).

On January 14, 2015, Dr. Hazlewood noted the following:

> The goals of my treatment program are improvement in pain, physical functional capabilities and psychosocial functioning. The patient was instructed to continue a home exercise program.
>
> She becomes very upset today and curses. She then calms down, and at the end when I explain that I have no further treatment recommendations she becomes very belligerent again. I told her that I felt obligated to give her a sheet that lists treatment centers for drug detox and I think this is the best chance she has to get better, especially if she has opiod hyperalgesia. This would not need to be covered through work comp, but is best covered through her private insurance. She walks out and refuses to take the sheet.
>
> She refuses to take my work sheet, but I explained that in my

5

opinion there is no objective basis for any permanent restrictions in this case, and I think she needs to return to work and do the best she can.

Certainly she is free to follow-up with her primary care physician and make sure there is not some other sort of problem caused this pain referred to her low back.

She wants me to refer her to another doctor under work comp, and I cannot do this. She would have to discuss this with her insurance company.

I explained the importance of pushing through this the best she can and doing her home exercises, but again there is a definite problem here in my opinion. At any rate, I cannot explain the presentation, and she has significant signs of symptom magnification. I think this lady in my opinion has a very possible true opiod dependency problem, but she disagrees obviously.

I do think she has reached MMI…She would have a zero percent (0%) whole person impairment rating related to this injury.

In the submissions provided, both attorneys repeatedly reference "pain management." While some treatment rendered by a physiatrist may address a patient's management of pain, the Court does not find that Dr. Moran's referral to a physiatrist for "continued non-surgical care" a "pain management referral." In addition, although Dr. Hazlewood referenced in his report, "[A]s a pain specialist looking to possibly continue indefinite pain management in a case, I must address the appropriateness of pain management," it does not appear that his treatment was limited to only pain management. Regardless of whether the referral was for general physiatry care or limited to pain management, Ms. Strunk is not entitled to a second medical opinion because Tennessee Code Annotated section 50-6-204(a)(1)(C) references "surgery *and* diagnosis" not "surgery *or* diagnosis." Further, it references the panel should consist of the *same specialty as the physician who recommended the surgery*. Neither Dr. Moran nor Dr. Hazlewood recommended surgery. Finally, Tennessee Code Annotated section 50-6-204(j)(3), specifically states employees are not entitled to a second opinion on the issue of impairment, diagnosis or prescribed treatment related to pain management.

**IT IS, THEREFORE, ORDERED** as follows:

1. The claim of Ms. Strunk against Aramark Nissan Smyrna or its workers' compensation carrier for a second medical opinion is denied at this time on grounds other than compensability.

2. This matter is set for Initial Hearing on July 8, 2015, at 9:00 a.m. CST/10 a.m. EST.

6

**ENTERED this the 2nd day of June, 2015.**

_Lisa A. Knott_

**HON. LISA A. KNOTT**
**Workers' Compensation Judge**

Initial Hearing:

An Initial Hearing has been set with Judge Lisa A. Knott, Court of Workers' Compensation Claims. You must call 865-594-0109 or toll free at 855-383-0003to participate in the Initial Hearing.

Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal".

2. File the completed form with the Court Clerk _within seven (7) business days_ of the date the Expedited Hearing Order was entered by the Workers' Compensation Judge.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must be approved by the Judge before the record is submitted to the Clerk of the Appeals Board.

5. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 2nd day of June, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| C. Kim Thompson, Esq. | | | X | kthompson@hgpllc.com |
| Courtney E. Smith, Esq. | | | X | ces@spicerfirm.com |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

8